IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Fredy Uriostegui, individually and on behalf of other employees similarly situated, Plaintiffs<br>v.<br>Midway Airport Inn, Inc., d/b/a Best Western Hotel and Rohit Patel, individually, Defendants | JURY DEMANDED |

**COLLECTIVE ACTION COMPLAINT UNDER FEDERAL AND ILLINOIS LAW**

NOW COMES the Plaintiff Fredy Uriostegui ("Fredy"), individually, and on behalf of other employees similarly situated, pursuant to 29 U.S.C. § 201 et seq., commonly known as the Fair Labor Standards Act ("FLSA"), and 820 ILCS § 105/1 et seq., commonly known as the Illinois Minimum Wage Law ("IMWL"), and complains against Defendants Midway Airport Inn, Inc., ("Midway") d/b/a Best Western Hotel and Rohit Patel ("Patel") and in support, states:

**INTRODUCTION**

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), for Defendants' failure to pay Fredy and other similarly situated employees overtime wages for hours worked in excess of forty (40) hours in a week.

2. Defendants' unlawful compensation practices have, and have had, the effect of denying Fredy and other similarly situated Plaintiffs their earned and living wages.

3. Fredy's FLSA collective action consent form is attached hereto as Exhibit A.

**JURISDICTION AND VENUE**

4. This Honorable Court has subject matter jurisdiction over the federal wage claims through 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337 (actions arising under acts of Congress relating to commerce).

5. This Honorable Court has supplemental jurisdiction over the Illinois wage claims through 28 U.S.C. § 1367 because they are so related to Plaintiff's claim within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is properly placed in the Northern District of Illinois, Eastern Division, through 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

### Plaintiff

7. Fredy resides and is domiciled in Cook County, Illinois, which is in this judicial district.

8. During the course of his employment, Fredy handled goods that moved or that were intended to move in interstate commerce and was an "employee" as defined by the FLSA, 29 U.S.C. §201 *et seq.*, and the IMWL, 820 ILCS 105/1 *et seq.*

### Defendants

9. Defendant Midway is an entity doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

10. Based on information and belief, Defendant Midway has annual gross sales of $500,000.00 or more.

11. Defendant Midway was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS § 105/3.

12. Defendant Patel is the owner of Midway and is involved in the day-to-day business operations and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts,

including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

13. Defendant Patel was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, and 820 ILCS § 105/3.

14. Upon information and belief, Defendant Patel resides and is domiciled in this judicial district.

15. Upon information and belief, Defendants did not record and preserve employee records in accordance with 29 C.F.R. Part 516.

16. Upon information and belief, a notice of employee rights under the FLSA, with content prescribed by the Wage and Hour Division of the United States Department of Labor, was not posted in a conspicuous area of the workplace as required by the FLSA.

## FACTS

17. Fredy began working for Midway on or about May 26, 2014 and stopped working for Defendants on or about December 29, 2008.

18. Fredy worked as a front desk clerk whose job functions included, but were not limited to, making reservations, answering phones, and running credit card payments.

19. During the course of his employment, Fredy's work activities engaged him individually in commerce.

20. During the course of his employment, Fredy handled goods that moved in interstate commerce.

21. Defendants set Fredy's work schedule as six (6) days a week, approximately Mondays, Tuesdays, Thursdays, Fridays, and Sundays from 11:00pm to 7:00am and Wednesdays from 3:00pm to 11:00pm.

22. Fredy did not have any breaks.

23. Fredy's regular hourly rate was, at the start of his employment with Defendants, approximately $8.25 per hour.

24. Fredy would get a raise of $0.25 every two (2) years.

25. Fredy did not receive overtime wages at time and a half his regular hourly rate despite working more than forty (40) hours per week.

26. Fredy was paid his regular hourly rate for all time worked in excess of forty (40) hours in a workweek.

27. Fredy was not, and at all relevant times has not been, exempt from the overtime provisions of the FLSA and IMWL.

## COUNT I: VIOLATION OF THE FLSA
### Overtime Wages

28. Fredy re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

29. Fredy and the members of the class were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

30. Defendants did not compensate Fredy or members of the class at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks.

31. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

32. Fredy and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendant's failure to pay overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

4

WHEREFORE, Fredy and the class respectfully request that this Honorable Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA.

B. Enter a judgment in the amount of unpaid overtime wages for all time worked by Fredy and other similarly situated employees in excess of forty (40) hours in individual work weeks;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Honorable Court deems just and proper.

## COUNT II: VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

### Overtime Wages

33. Fredy re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

34. This Count arises from Defendants' failure to pay Fredy overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the IMWL.

35. Defendants directed Fredy to work, and Fredy did work, in excess of forty (40) hours in individual work weeks.

36. Other similarly situated employees were likewise directed to work, and did work, in excess of forty (40) hours in individual work weeks.

37. Fredy was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

38. Defendants did not pay Fredy overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

39. Defendant's violated the IMWL by failing to pay Fredy, overtime wages for all hours worked in individual work weeks.

40. Pursuant to 820 ILCS 105/12(a), Fredy is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Fredy respectfully request that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Fredy as provided by the IMWL;

B. Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.


Respectfully submitted,

**/s/ Raisa Alicea**
Raisa Alicea
CONSUMER LAW GROUP, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
Office: 312-800-1017
ralicea@yourclg.com